# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES MATTEO,<br>　　　　Plaintiff,<br><br>　　　　v<br>GEORGE E. DELALLO COMPANY,<br>　　　　Defendant. | )<br>)<br>)<br>)　2:12-cv-1529<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER OF COURT

Now pending before the Court is DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 21) filed by the George E. DeLallo Company ("DeLallo") with brief in support. Plaintiff James Matteo ("Matteo") has filed a brief in opposition to the motion; DeLallo has filed a reply brief; the parties have thoroughly developed their respective positions regarding the Concise Statements of Material Fact ("CSMF") (ECF Nos. 22, 28, 29, 35); and both parties have submitted numerous exhibits. The motion is ripe for disposition.

Factual and Procedural Background

Matteo alleges that he was wrongfully fired from his employment in violation of the Americans With Disabilities Act ("ADA"); in retaliation for requesting an accommodation under the ADA; and/or in violation of the Age Discrimination in Employment Act ("ADEA") and parallel claims under Pennsylvania law. Factual disputes have been construed in the light most favorable to Matteo, the non-moving party.

DeLallo sells and distributes Italian food products to grocery stores throughout the country. Matteo began working as a saleman for DeLallo in 1998; briefly left the company in 2000; and returned to work at DeLallo from 2001 until he was fired on August 19, 2011. Matteo

worked out of his home in Canfield, Ohio and covered a sales territory in northeastern Ohio and western Pennsylvania. His duties included increasing sales of DeLallo products to existing customers and developing new customers. At times, the salesmen carried product and display materials, moved cases of product and stocked shelves. Matteo began reporting to Sales Manager Sal LaQuatra in 2007. LaQuatra, in turn, reported to Vice President of Sales T.J. Hoffner, who reported to Chairman Fran DeLallo. LaQuatra, Hoffner and Fran DeLallo were the decision-makers regarding the termination of Matteo's employment.

Matteo's sales of DeLallo products declined from $1.7 million in 2008 to $1.4 million in 2009 to $1.3 million in 2010. Matteo does not contest these sales numbers. However, he contends that the stores for which he was responsible changed over time and the market was shrinking, such that the comparison was not "apples to apples." DeLallo contends that during this time period, no other salesman had declines as large as Matteo's, either in dollar amounts or percentage. Neither party has provided the actual sales data to the Court.

DeLallo hired John Deley as a sales representative in March of 2010 to expand its Ohio business. Deley and Matteo had overlapping territories. In March 2011, DeLallo created a new salaried position for Matteo as a Business Development Representative ("BDR"). Matteo's existing accounts were assigned to Deley and Matteo was charged with developing new business because adding grocery stores that were not current customers of DeLallo was one of his strong points.[1] After Matteo opened a new account, Deley was to be responsible for ongoing day-to-day sales to that customer.

Matteo was hospitalized for six days beginning on June 12, 2011. The only company official to whom he reported his tentative diagnosis of lupus was Les Samilia, Director of Human Resources. Samilia did not relay this information to Quatra, Hoffner or Fran DeLallo. Indeed,

---

[1] The transfer to the BDR position is not at issue in this case.

there is no evidence that either Hoffner or Fran DeLallo was aware that Matteo had missed any work. Matteo was released by his doctor to return to work effective July 11, 2011, albeit with a light duty capacity restriction for the first two weeks. After Matteo returned to work, the company did not require him to perform any work that was inconsistent with his light duty restriction.

Matteo held the BDR position for five months, including the time he was on medical leave. During that time he opened four new accounts. Although Matteo was not given an explicit quota, the Company expected him to open several new accounts every month. Matteo did not open any new accounts after his return to work from medical leave on July 11, 2011. DeLallo terminated his employment on August 19, 2011, when Matteo was sixty (60) years old. Matteo was told that there were too many bodies and not enough money. Nobody was hired to replace Matteo and the BDR position was eliminated.

Samilia stated in response to Matteo's unemployment compensation claim that he had been terminated for lack of work. On March 20, 2012 Matteo filed a charge of discrimination with the EEOC. DeLallo contended that he had been terminated based on poor performance. Fran DeLallo, Hoffner and LaQuatra testified that they each had told Matteo about his poor sales performance on multiple occasions. Matteo disputes these statements, other than when he lost Giant Eagle as a customer years earlier. DeLallo did not give written performance reviews, did not document its displeasure with Matteo's performance, and did not publish rankings of its sales force. On the other hand, Plaintiff cannot identify any other employee whose sales performance was as poor or worse than his, whose employment was not terminated.

Standard of Review

Summary judgment must be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The movant must identify those portions of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

To withstand summary judgment, the non-movant must show a genuine dispute of material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." FED. R. CIV. P. 56(c)(1)(A); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v*, 477 U.S. at 247-48. *See, e.g.*, *Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."). Rather, a dispute is "genuine" only if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. 249.

Legal Analysis

The federal and state law claims are governed by the same legal standards. Because there is no direct evidence of discrimination, the familiar McDonnell-Douglas burden-shifting

4

approach is applicable. Defendant seeks summary judgment on all claims. As to the disability claims, DeLallo contends that there is no evidence that Matteo's termination was causally related to his claimed disability of lupus and/or to his request for two weeks of light duty because the decision-makers (Fran DeLallo, Hoffner and LaQuatra) were unaware of the alleged disability or requested accommodation. As to the ADEA claim, DeLallo argues that Matteo cannot make out a prima facie case because he cannot show that he was replaced by a younger person. In the alternative, Defendant contends that there is no evidence by which a reasonable jury could find that its asserted, non-discriminatory reason for the discharge – i.e., poor sales performance – was a pretext for disability or age discrimination.

A. Discrimination/Retaliation Claims

Matteo has not vigorously pursued the validity of his disability discrimination/retaliation claims. Matteo primarily contends that a jury could disbelieve the testimony of Fran DeLallo, Hoffner and LaQuatra that Matteo was fired for poor sales performance, due to the lack of documentation kept by DeLallo, and that the company failed to pursue Matteo's request for an accommodation of light duty for two weeks. Plaintiff has not, however, addressed the undisputed fact that none of the decision-makers were aware of Matteo's alleged disability (i.e., the tentative diagnosis of lupus). That information was communicated only to Semilia, the human resources representative. Moreover, the BDR position <u>was</u> light duty and Matteo was not required to perform any tasks that were inconsistent with his condition. Thus, there is no evidence by which a reasonable jury could find a causal connection between Matteo's alleged disability and/or request for an accommodation and the termination of his employment. *See C.G. v. Pennsylvania Dept. of Educ.*, 734 F.3d 229, 236 (3d Cir. 2013) (to satisfy causation element,

Plaintiff must prove that he was treated differently based on the existence of his disability). Because the requisite causal link is entirely absent, DeLallo is entitled to summary judgment on the disability/retaliation claims.

B. Age Discrimination Claim

The age discrimination claim merits a more in-depth discussion. Under the ADEA, it is "unlawful for an employer to . . . discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age" when the individual is at least forty (40) years old. 29 U.S.C. §§ 623(a), 631(a). The United States Supreme Court found in *Gross v. FBL Financial Services, Inc.,* 129 S. Ct. 2343, 2351(2009), that "the ordinary meaning of the ADEA's requirement that an employer took adverse action because of age is that age was the reason that the employer decided to act." Thus, in order for Plaintiff to succeed, he must not simply show that his age was a motivating factor, but also demonstrate that age was a determinative factor (or the but for cause) of the employer's adverse decision. *Id.*

In the first step of the McDonnell-Douglas analysis, Plaintiff must establish a *prima facie* case by demonstrating that he: 1) was a member of the protected age class; 2) was qualified to hold the position; 3) suffered an adverse employment decision; and 4) was replaced by a significantly younger individual to create an inference of age discrimination. *See Brewer v. Quaker State Oil Refining Corp.,* 72 F.3d 326, 330 (3d Cir. 1995); *but see Pivirotto v. Innovative Sys., Inc.*, 191 F.3d 344, 357 (3d Cir. 1999) (asserting that fourth element is flexible). If the Plaintiff establishes all the elements of a *prima facie* case, "the burden of production shifts to the employer to identify a legitimate non-discriminatory reason for the adverse employment action."

*Smith v. City of Allentown*, 589 F.3d 684, 689-90 (3d Cir. 2009). Once the employer "articulates such a reason, the burden of production returns to the plaintiff to demonstrate that the employer's proffered rationale was a pretext for age discrimination." *Id.* At all times, however, the burden of persuasion remains with the plaintiff. *Id.*

Matteo contends, inter alia, that Defendant's view of his work performance is supported only by testimony from his supervisors that could be disbelieved by the jury; that Defendant has changed its asserted reason(s) for the discharge; that LaQuatra had a bias against older workers; and that Matteo was placed into the "dead end" BDR job and then terminated so that the territory could be given to a younger worker. Defendant contends that Matteo cannot make out a prima facie case because he was not replaced by anyone, and that there is no evidence that the termination of Matteo was a pretext for age discrimination.

The record reflects that Matteo's annual sales volume declined substantially from 2008 to 2009 and declined again in 2010. DeLallo hired John Deley as a sales representative in March of 2010. Plaintiff concedes that DeLallo created the BDR position specifically for Matteo; it never had any such position prior to that time; and Defendant eliminated the position after Matteo was terminated. Thus, the hiring of Deley was remote in time from the termination of Matteo's employment (approximately a year and a half); the two salesmen worked alongside each other for a year; and nobody replaced Matteo in the BDR position after he was fired.

Plaintiff's reliance on *Torre v. Casio, Inc.*, 42 F.3d 825 (3d Cir. 1994), is misplaced. In *Torre*, the employee was allegedly transferred to a job that had already been eliminated <u>before</u> Torre was placed in it, and he was then fired just five weeks later in a reduction-in-force in which younger workers were retained and assumed his duties. Such factors are absent here. In sum, the Court concludes that Plaintiff has failed to establish a prima facie case of age

7

discrimination. *Cf. Pivirotto*, 191 F.3d at 352 (asserting that the purpose of a prima facie case is to eliminate the most obvious, lawful reasons for the defendant's action).

Even assuming, arguendo, that Matteo could make out a prima facie case, there is no evidence by which a reasonable jury could conclude that his termination was a pretext for age discrimination. In *Fuentes v. Perskie*, 32 F.3d 759 (3d Cir. 1994), the Court of Appeals for the Third Circuit explained that a plaintiff must demonstrate such "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in the employer's proffered reason(s) for its action that the jury could rationally find them unworthy of credence. *Id.* at 765. When the employer relies on particular criticisms as a reason for the adverse action, "the issue is not whether the [ ] criticisms of [the plaintiff] were substantiated or valid.... [T]he question is whether [the employer] believed those criticisms to be accurate and actually relied upon them." *Id*. at 766-67. In *Keller v. Orix Credit Alliance, Inc.*, 130 F.3d 1101, 1108 (3d Cir. 1997), the Court explained: "The question is not whether the employer made the best, or even a sound, business decision; it is whether the real reason is [discrimination]." Of particular relevance to this case, in *Keller* the court further explained that to survive the summary judgment stage, a plaintiff must show that the employer's decision "was so plainly wrong that it cannot have been the employer's real reason." *Id*. at 1109.

In this case, it is undisputed that Matteo's sales figures declined substantially for several years prior to his termination. It is also undisputed that Matteo opened only a few new stores/accounts during the five months that he held the BDR position, and acquired no new customers in the five weeks prior to his firing. Matteo's subjective opinion regarding his own performance is not entitled to weight. *Billet v. CIGNA Corp.*, 940 F.2d 812, 825 (3d Cir.1991) (overruled on other grounds) ("The fact that an employee disagrees with an employer's

8

evaluation of him does not prove pretext."). Matteo cannot point to any other DeLallo salesman (of any age) with a similar or worse sales record who was retained.

Plaintiff seeks to undermine this evidence indirectly by arguing that he was not given a specific quota and DeLallo did not keep documentation regarding its alleged displeasure with his performance. The Court agrees that DeLallo's records of Matteo's performance are certainly sparse. These criticisms, though, do nothing to satisfy Plaintiff's burden to show that DeLallo's stated reason was a pretext for age discrimination.[2]

The Court notes that Matteo was re-hired by DeLallo at age 50 and over 31% of DeLallo's sales force was age 60 or older. The record also reflects that since 2009 DeLallo had fired seven younger salesmen for poor performance. In his deposition, Matteo conceded that he was unaware of any DeLallo employee who had been terminated because of their age.

Plaintiff's effort to establish pretext based on two alleged stray comments by LaQuatra is unconvincing. LaQuatra's alleged comment regarding Matteo's need to avoid lifting and "at your age you don't do anything else but light duty" (CSMF 120-121) occurred in July 2011 in response to Matteo's request to be put on light duty after his hospitalization. This interaction was unrelated to his firing. The only other alleged comment by LaQuatro was that "young bucks can run rings around the old heads," in the context of setting up a display in a Sam's Club store on an unknown date as much as sixteen months prior to his termination. Setting up such displays was not a typical part of Matteo's job. Matteo offered no other evidence of age-related bias by LaQuatro or the other decision-makers. There is no evidence that Defendant viewed Matteo as being unable to perform any of the duties of his BDR position due to his age.

---

[2] The Court, at this stage, construes the factual dispute as to whether Matteo was told that he was fired for poor performance or because there were "too many bodies and not enough money" in the light most favorable to Matteo. The Court also accepts that Semilia reported to the unemployment compensation representative that Matteo was discharged for lack of work (assertedly because he did not want to contest Matteo's claim for benefits). Neither event provides a basis to infer that Matteo was fired due to his age.

9

Plaintiff's citation of *Steward v. Sears, Roebuck & Co.*, 231 Fed. Appx. 201, 211 (3d Cir. 2007) (non-precedential), is readily distinguishable because the comment in that case was made by the new, young supervisor; and was accompanied by evidence that cast doubt on each of the reasons proffered by the employer. Indeed, a jury had found in favor of Steward at trial. In *Bleistine v. Diocese of Trenton*, 914 F. Supp.2d 628, 643-44 (D.N.J. 2012), the Court distinguished *Steward* and explained that a stray comment by a long-term boss that Bleistine was an "old antiquated public school thinker" could not support inference of age discrimination, in light of the weakness of the other evidence. The facts of this case are more analogous to *Bleistine* than *Steward*. In sum, Plaintiff cannot show that DeLallo's reason for terminating Matteo's employment was a pretext for age discrimination.

Conclusion

In accordance with the foregoing, DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 21) will be **GRANTED**.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES MATTEO,	)
       Plaintiff,	)
	)
	)	2:12-cv-1529
       v	)
GEORGE E. DELALLO COMPANY,	)
       Defendant.	)
	)

## ORDER OF COURT

AND NOW, this 6th day of March, 2014, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED AND DECREED that DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 21) is **GRANTED.** The clerk shall docket this case closed.

                              BY THE COURT:

                              s/Terrence F. McVerry
                              United States District Judge

cc:    **Samuel J. Cordes, Esquire**
       Email: scordes@cordeslawfirm.com

       **Kurt A. Miller, Esquire**
       Email: kmiller@thorpreed.com
       **Sarah J. Miley, Esquire**
       Email: smiley@thorpreed.com